# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

RAYMOND A. JOAO,

                Plaintiff,

v.

EPIC SYSTEMS CORPORATION,

                Defendant.

INDEX NO. 76437/2024

**SUMMONS ON AMENDED COMPLAINT**

Epic Systems Corporation
c/o New York Department of State
One Commerce Plaza
99 Washington Avenue, 6th Floor
Albany, NY 12231

      YOU ARE HEREBY SUMMONED to answer the Amended Complaint in this action and to serve a copy of your answer, or, if the Amended Complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if the summons is not personally delivered to you within the State of New York): and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Amended Complaint.

      The basis of venue is that Plaintiff resides and works in Westchester County and the acts and events at issue allegedly occurred in Westchester County, New York.

Dated: New York, New York
December 27, 2024

By: /s/ David A. Ward
David A. Ward
KLUGER HEALEY, LLC
521 Newman Springs Road, Suite 23
Lincroft, New Jersey 07738
P: (732) 852-7500
F: (888) 635-1653
dward@klugerhealey.com
Attorneys for Plaintiffs

NEW YORK ADDRESS
KLUGER HEALEY, LLC
33 Whitehall Street
16th Floor
New York, NY 10004
973-307-0800

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

| | |
|---|---|
| RAYMOND A. JOAO,<br><br>Plaintiff,<br>v.<br><br>EPIC SYSTEMS CORPORATION,<br><br>Defendant. | INDEX NO. 76437/2024<br><br>**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** |

Raymond A. Joao ("Plaintiff"), by and through his attorneys, Kluger Healey, LLC, brings this Amended Complaint for Declaratory Judgment against Epic Systems Corporation ("Epic" or "Defendant"), and states as follows:

## INTRODUCTION

1. This is an action for a declaratory judgment pursuant to CPLR § 3001, seeking a declaration that Plaintiff, a New York resident, is not personally liable for the debts of Decapolis Systems, LLC ("Decapolis"), a limited liability company formed under the laws of the State of Florida.

## PARTIES

2. Plaintiff, Raymond A. Joao, is a resident of Yonkers, New York, and is a member of Decapolis Systems, LLC ("Decapolis").

3. Decapolis is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business at: Decapolis Systems, LLC, 600 S. Dixie Hwy, #605, West Palm Beach, Florida 33401.

FILED: WESTCHESTER COUNTY CLERK 12/27/2024 01:18 PM
NYSCEF DOC. NO. 2
INDEX NO. 76437/2024
RECEIVED NYSCEF: 12/27/2024

Case 1:25-cv-00857   Document 1-2   Filed 01/29/25   Page 5 of 10

4. Upon information and belief, Defendant Epic is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business at 1979 Milky Way, Verona, Wisconsin 53593.

5. Upon information and belief, Defendant Epic is authorized to do business in New York, having filed and maintained an Application for Authority with the New York Secretary of State pursuant to NY Business Corporations Law § 1304.

6. Epic may be served with process by service upon the New York Secretary of State

7. Epic is subject to personal jurisdiction in New York because, on information and belief, Epic personally and/or through its agents transacts business within the state and/or contracts to supply goods or services in the state.

## FACTUAL BACKGROUND

8. Plaintiff Joao, as a member of Decapolis, has acted at all times within the scope of his authority as a member.

9. Defendant Epic has made claims that Plaintiff is personally liable for certain debts of Decapolis Systems, LLC.

10. Plaintiff asserts that he is not personally liable for the debts and obligations of Decapolis Systems, LLC.

## PROCEDURAL HISTORY

11. Decapolis was formed on February 4, 2021 as a limited liability company in the State of Florida.

12. Since the formation of Decapolis, Joao has been the managing member of the Company.

2

2 of 7

13. Before and since the formation of Decapolis, Joao has been a resident of the State of New York.

14. Since the formation of Decapolis, Joao has managed the Company operated in accordance with law, has made all state and federal filings as required by law, and has acted in a manner entirely consistent with his duties as a managing member of the Company.

15. In April 2021, Decapolis filed suit against Epic in the U.S. District Court for the Western District of Texas, alleging that Epic's software infringed upon two patents owned by Decapolis: U.S. Patent No. 7,490,048 ("the '048 patent") and U.S. Patent No. 7,464,040 (the '040 patent) (collectively referred to as the "Patents-in-Suit").

16. On December 20, 2021, Decapolis voluntarily dismissed without prejudice its action against Epic.

17. On February 2, 2022, Epic filed a Complaint for Declaratory Judgment against Decapolis in the United States District Court for the Southern District of Florida seeking a determination that the Patents-in-Suit are invalid and not infringed by Epic.

18. On April 8, 2022, Decapolis filed an Answer, Affirmative Defenses, and Counterclaims to Epic's Complaint for Declaratory Judgment, alleging that Epic was infringing on its patents. Decapolis asserted that it did not engage in litigation misconduct and that it had a good faith belief in the validity of the Patents-in-Suit.

19. On May 20, 2022, Epic moved for judgment on the pleadings.

20. In the fall of 2022, Epic's counsel discussed a potential resolution of the Decapolis litigation with Decapolis counsel.

21. Joao was informed in or about September/October 2022 that Epic, as part of any settlement, was demanding a global license from Joao, including from all companies Joao owned

3

as well as all patent and patent applications owned by Joao individually (which included certain patents or patent applications Joao owned with co-inventors).

22. Thereafter, on November 29, 2022, René Vazquez ("Vazquez"), patent attorney for Decapolis, had a discussion regarding the potential for settlement with Epic's attorney, Matthew Duchemin ("Duchemin").

23. During that discussion, Vazquez indicated that Decapolis would be willing to "do a walk away", where each side would agree to dismiss its claims, bearing its own costs.

24. Upon information stated, Duchemin reiterated that Epic would want a covenant not to sue from Joao as well as a personal representation that he would grant Epic a global license to use any of his patented technologies anywhere in the world.

25. Joao at no time represented that his personal assets were at issue or available to pay any claim or to contribute to any amounts that Decapolis might owe to Epic.

26. Epic's Motion for Judgment was ultimately granted by the U.S. District Court for the Southern District of Florida on December 2, 2022.

27. Upon information stated, three days later, Vazquez had another discussion with Duchemin who, once again, insisted on the personal representations from Joao and a global license for all of his patents.

28. On December 7, 2022, Decapolis filed a Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit.

29. The appeal was unsuccessful on April 4, 2024, the U.S. Court of Appeals for the Federal Circuit affirmed the judgment of the U.S. District Court for the Southern District of Florida.

30. In the Southern District of Florida, Epic filed two motions for attorneys' fees.

31. The first motion was filed in January 2023 for attorneys' fees in the amount of $405,281.08 and costs incurred in the amount of $99.72.

32. In May 2024, Epic filed a Supplemental Motion for attorneys' fees for an additional $259,732.97 for fees in connection with defending the appeal to the Federal Circuit.

33. On November 25, 2024, U.S. District Judge Middlebrooks awarded Epic attorneys' fees in the amount of $634,457.23.

34. Decapolis is appealing the Orders and Judgments of the Court in the Southern District of Florida action, but lacks funds to post a bond pending appeal.

35. On December 27, 2024, Epic filed an application for post-judgment discovery against Decapolis in the Southern District of Florida. In that application, Epic seeks discovery for purposes of pursuing post-judgement relief against Joao as the member of Decapolis, including "any and all transfers of funds, assets, or property by or to Decapolis from commencement of this action to present; (iii) Decapolis' observance of corporate formalities . . . (v) Decapolis' status or function as an alter ego or mere instrumentality; and (vi) any improper conduct or fraudulent purpose associated with Decapolis' operation(s) and/or creation."

36. Joao brings this action as a New York resident who has properly managed a limited liability company and seeks an adjudication of his rights that he is not personally liable for any of Decapolis' obligations to Epic (to the extent such obligations are affirmed on appeal).

**FIRST CAUSE OF ACTION**

37. Plaintiff repeats and realleges the preceding allegations as though set forth in full here.

38. Plaintiff seeks a declaratory judgment that he is not personally liable for the debts and obligations of Decapolis Systems, LLC.

39. Pursuant to Fla. Stat. Ann. § 605.0304, a debt, obligation, or other liability of a limited liability company is solely the debt, obligation, or other liability of the company.

40. Pursuant to Fla. Stat. Ann. § 605.0304, a member or manager is not personally liable, directly or indirectly, by way of contribution or otherwise, for a debt, obligation, or other liability of the company solely by reason of being or acting as a member or manager.

41. New York LLC Law § 609 similarly states that LLC members are not personally liable for the debts, obligations, or liabilities of the LLC solely by virtue of their membership.

42. Plaintiff Joao is a member of Decapolis Systems, LLC.

43. Decapolis was ordered to pay attorneys' fees to Epic in the amount of $634,457.23.

44. Decapolis has insufficient assets to pay these fees.

45. Epic has demanded that Joao contribute his personal assets towards the resolution of the dispute between Epic and Joao.

46. Plaintiff Joao never waived the applicable limited liability protections through a personal guarantee or any other action or agreement.

47. Plaintiff Joao acted at all times in accordance with applicable law and fulfilled his responsibilities as a manager and member of Decapolis Systems, LLC.

48. As such, the case presents a justiciable controversy whether Joao is personally liable for the debts of Decapolis Systems, LLC – a limited liability company – by virtue of his status as the managing member of that entity.

49. The judgment in favor of Epic in the amount of $634,457.23 is a final judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court: (a) issue a declaratory judgment in favor of Plaintiff, declaring that Raymond A. Joao is not personally liable for the debts or obligations of Decapolis Systems, LLC to Epic Systems Corporation; (b) award Plaintiff the costs and disbursements of this action; and (c) grant such other and further relief as this Court may deem just and proper.

Dated: New York, New York
       December 27, 2024

                        By: /s/ David A. Ward
                              David A. Ward
                              KLUGER HEALEY, LLC
                              521 Newman Springs Road, Suite 23
                              Lincroft, New Jersey 07738
                              P: (732) 852-7500
                              F: (888) 635-1653
                              dward@klugerhealey.com
                              Attorneys for Plaintiff

                              NEW YORK ADDRESS
                              KLUGER HEALEY, LLC
                              New York, NY
                              33 Whitehall Street
                              16th Floor
                              New York, NY 10004
                              973-307-0800