David A. Ward
**KLUGER HEALEY, LLC**
521 Newman Springs Road, Suite 23
Lincroft, New Jersey 07738
732-852-7500
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAYMOND A. JOAO,<br><br>        Plaintiff,<br><br>vs.<br><br>EPIC SYSTEMS CORPORATION,<br><br>        Defendant. | CIV. NO. 25cv00857 (JMF)<br><br>**PLAINTIFF RAYMOND A. JOAO'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER** |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

OPPOSITION STATEMENT OF FACTS ............................................................................. 2

ARGUMENT ........................................................................................................................... 7

    I    EPIC HAS FAILED TO COMPLY WITH THE MINIMAL REQUIREMENTS FOR A MOTION TO TRANSFER UNDER § 1404(a), WHICH MOTION IS REPLETE WITH UNFOUNDED AND UNSUPPORTED STATEMENTS IN SUPPORT………….. 7

    II    EPIC'S MOTION TO TRANSFER MUST BE DENIED BECAUSE EPIC HAS NOT SHOWN THAT AN ACTION AGAINST JOAO COULD HAVE BEEN BROUGHT IN THE SOUTHERN DISTRICT OF FLORIDA ................................... 8

    III    EPIC'S MOTION TO TRANSFER MUST BE DENIED BECAUSE EPIC HAS NOT SHOWN THAT THE CONVENIENCE FACTORS WARRANT A TRANSFER ........................................................................................ …10

    IV    EPIC'S RELIANCE ON THE FIRST FILED RULE IS MISPLACED AS THE FACTS DEMONSTRATE THAT THE INSTANT ACTION IS THE FIRST FILED ACTION PERTAINING TO JOAO'S LIABILITY, VEL NON, FOR THE DECAPOLIS JUDGMENT ..................................................................... 14

CONCLUSION ...................................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**                                                                                                            **Page**

*Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474 (S.D.N.Y. 2006)………7

*Carter v. Estate of Rambo*, 925 So. 2d 353 (Fla. Dist. Ct. App. 2006)……………………….9

*Doe v. Thompson*, 620 So. 2d 1004 (Fla. 1993)……………………………………………....9

*ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542 (S.D.N.Y. 2008)…………….………….8

*Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395 (S.D.N.Y. 2005)…....13

*Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113 (S.D.N.Y. 2010)…………...……..……..7, 10

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102 (2d Cir. 2010)…….…..15

*Radcliffe v. Gyves*, 902 So. 2d 968 (Fla. 4th DCA 2005)……………………………………9

*Royal & Sunalliance*, 167 F. Supp. 2d 573 (SDNY 2001)…………………………...……..13

**Other Authorities**

28 USC § 1404(a)…………………………………………………………………..7, 10

**PRELIMINARY STATEMENT**

Raymond Joao seeks a declaratory judgment that he is not personally liable for the debts or obligations of Decapolis Systems, LLC ("Decapolis") to Epic Systems Corporation ("Epic"). Epic obtained a judgment against Decapolis for attorneys' fees, resulting from an action for declaratory relief that Epic had initiated in the Southern District of Florida, after Decapolis had voluntarily dismissed a patent infringement action against Epic in the Western District of Texas.

Joao was not a party to the Epic action and the judgment that Epic obtained was against Decapolis only. Nevertheless, Epic threatened that Joao was personally liable for the Decapolis obligation (which is now on appeal). Because of Epic's threats, Joao filed this complaint for declaratory relief on December 7, 2024.

Joao initiated this action before Epic filed any action against Joao and before Epic made any application in the Southern District of Florida action for any relief against Joao, by way of supplementary proceeding or otherwise. Indeed, Epic has still not initiated any suit or proceeding against Joao, and yet moves to transfer this case under the "first filed" rule. As the present action is plainly the "first filed" action concerning this dispute, Epic's motion should be denied. Moreover, in alternatively asking for a transfer of venue pursuant to 28 USC § 1404(a), Epic utterly misapplies the relevant factors – all of which counsel in favor of affording Joao the declaratory relief to which he is entitled under New York law. Not only does Epic fail to recognize the significance of this action as the first filed action, or to appreciate the import of Joao's choice of forum, Epic fails to even address the issue of lack of personal jurisdiction over Joao in the forum to which Epic would have this suit transferred.

For these reasons, and based upon the facts and argument set forth below, Epic's motion to transfer should be denied.

## STATEMENT OF FACTS IN OPPOSITION

Raymond A. Joao is the managing member of Decapolis Systems, LLC in the present case, a citizen of the United States of America, a resident of the State of New York. (February 19, 2025 Declaration of Raymond A. Joao, ¶ 1 – hereafter "Joao Dec."). At all relevant times, Joao has been a resident of the State of New York. (Joao Dec. ¶ 4).

Decapolis was formed on February 4, 2021 by the filing of Articles of Organization with the Florida Secretary of State. (Joao Dec. ¶ 5; a true copy of these Articles is annexed as Exhibit 1 to the Joao Dec). Decapolis was formed as a Florida LLC because the accountant for Decapolis, Eugene Potter, resides in Florida. Mr. Potter is a personal friend of Joao and acted as Decapolis' registered agent and assisted with filings with the Secretary of State. (Joao Dec. ¶ 6).

Joao is the sole member of Decapolis and, as a New York resident domiciled in the State of New York, Decapolis is a citizen of New York for jurisdictional purposes. (Joao Dec. ¶ 7). All of Decapolis' financial accounts are located in New York, all payments made to Decapolis were deposited into these New York based accounts, and all financial transactions from Decapolis took place in New York. (Joao Dec. ¶ 8). These transactions included payments to professionals for accounting and legal services performed for Decapolis, and payments to Joao as a member of the Company and as the manager of Decapolis. (Joao Dec. ¶

9). Most notably, a large portion of the distributions from Decapolis to Joao were for purposes of paying New York State and Federal taxes on Decapolis' income. (Joao Dec. ¶ 10).

All aspects of Joao's management of Decapolis' operations took place in New York. This included the interaction with Decapolis' litigation counsel and the negotiations of the licensing agreements entered into on behalf of Decapolis. (Joao Dec. ¶ 11). Joao has reviewed the discovery propounded upon him by Epic's counsel, including the document subpoena. (Annexed as Exhibit 4 to the Declaration of Bryce A. Loken in support of Epic's motion. (Joao Dec. ¶ 12, Dkt. Entry 16-4). All of these documents, to the extent discoverable, would be generated by Joao, in the State of New York, and pertaining to Joao's New York activities. These include, as noted above, documents pertaining to Decapolis' assets, formation and patent licensing activities (Loken Dec. Exh. 4, Requests Nos. 1-4, 10, 13, 14, 16-18 (which include requests for production from entities that have no relationship to Decapolis Systems, such as Decapolis Solutions, LLC and Decapolis Digital, LLC)); documents pertaining to Joao's personal finances and investments (including Federal and New York State income tax returns (Loken Dec. Exh. 4, Request No. 5, 9, 19, 20, 21, 22)); documents pertaining to transactions between GTJ Ventures, LLC (a Delaware LLC) and Decapolis (Loken Dec. Exh. 4, Requests Nos. 6-7); and documents pertaining to Joao's relationships with counsel engaged on behalf of Decapolis (Loken Dec. Exh. 4, Requests Nos. 11, 12). (Joao Dec. ¶ 13).

As to the *ad hominen* attacks of Epic and its counsel against Joao personally, Plaintiff declines to comment except to say that Decapolis sought to license and profit from two patents

issued from the US Patent and Trademark office, with the presumption of validity, and was operated at all times in accordance with applicable law. The personal attacks from Epic's counsel fail to cite to any evidence to the contrary. (Joao Dec. ¶ 14).

Because of the personal attacks and targeting of Joao's personal assets, Joao commenced suit in the Supreme Court of the State of New York, Westchester County on December 7, 2024 under Index Number 76437/2024. (Joao Dec. ¶ 15; Exhibit 2). This complaint was filed by Joao, personally, against Epic seeking declaratory relief that Joao's conduct as a manager or member of Decapolis provided no basis for any claims that he was personally responsible for Decapolis' obligations to Epic. (Joao Dec. ¶ 16).

As Epic concedes, Decapolis initially brought suit against Epic in the Western District of Texas. (See page 2 of Epic's Memorandum of Law Dkt. Entry No. 15, citing Decapolis Sys., LLC v. Epic Sys. Corp., No. 6:21-cv-00434, Dkt. 1 (W.D. Tex. Apr. 29, 2021)). Epic also concedes that Epic brought suit against Decapolis in Florida. (Id. p. 3). Joao never traveled to Florida for any business on behalf of Decapolis, and Joao never personally initiated any litigation in Florida. (Joao Dec. ¶ 19).

None of the licensing or settlement payments that formed the sole basis of Decapolis' income (and from which Joao received compensation and distributions and paid taxes) were negotiated in Florida. As mentioned, all such negotiations took place between Decapolis' Texas counsel and Joao in his capacity as managing member (in New York) and all funds derived from payments were deposited into Decapolis' New York bank accounts, from which accounts New York State and Federal income taxes were paid. (Joao Dec. ¶ 20).

4

After Joao filed this action on December 7, 2024, counsel for Epic, Matthew Duchemin, Esq., called counsel for Joao at 11:10:34 EST on December 23, 2024 to ask about service of the Complaint and Epic's time to answer. (February 19, 2025 Declaration of David Ward, ¶ 3). Joao's counsel responded by email to Mr. Duchemin's inquiry that same day, advising "that service has not been made and there's no reason to ruin your holidays. We can discuss service and scheduling whenever convenient. Let me know times that work best for you." (Ward Dec., ¶ 3; and Exhibit 1, December 23, 2024 email exchange between Mr. Duchemin and counsel reflecting this discussion).

Mr. Duchemin responded later on December 23, 2024, stating "thanks for your note and the update. I am back in the office on Thursday and will reach out about times." (Ward Dec., ¶ 4; Exh. 1). Thereafter, neither Mr. Duchemin nor any other counsel for Epic contacted Joao's counsel about Epic's answer to the Complaint. (Ward Dec., ¶ 5). Instead, Epic filed a Motion for Writ of Execution against Decapolis in Florida, seeking discovery of, among other things, information concerning Joao's personal assets and information unrelated to the Decapolis litigation. ((Ward Dec., ¶ 5; Exhibit 4 to the Declaration of Bryce A. Loken in support of Epic's motion to transfer (Dkt. Entry 16-4)). Based upon these demands of Epic, Plaintiff filed an Amended Complaint on December 27, 2024. (Ward Dec., ¶ 6; a copy of the Amended Complaint is annexed to the Ward Dec. as Exhibit 2).

At the time of filing of the Complaint on December 7, 2024, there was no claim asserted by Epic against Joao personally nor any discovery proceeding against Joao, thus, the New York State action that Joao initiated was the first filed action between the parties and

concerning the issues of whether Joao is personally liable for any judgment Epic obtained against Decapolis. (Ward Dec., ¶ 7; (Joao Dec. ¶ 17). In this action, Plaintiff expects to call the witnesses identified in the Ward Declaration, ¶ 8, to testify as to the matters specified therein, namely: Raymond A. Joao, New York resident, members of Garteiser Honea, PLLC (Texas residents), and designated representatives of Quarles & Brady, LLP (Wisconsin residents).

ARGUMENT

I

**EPIC HAS FAILED TO COMPLY WITH THE MINIMAL REQUIREMENTS FOR A MOTION TO TRANSFER UNDER § 1404(a), WHICH MOTION IS REPLETE WITH UNFOUNDED AND UNSUPPORTED STATEMENTS IN SUPPORT**

"A motion to transfer venue under § 1404(a) "must be accompanied by an affidavit containing 'detailed factual statements identifying the potential principal witnesses expected to be called and a general statement of the substance of their testimony . . . . Absent such a showing, the motion should be denied.'" *Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 478 (S.D.N.Y. 2006). At Paragraph 8 of the Ward Declaration, Joao lists the individuals expected to testify in this matter as well as the specification of the areas of testimony. Epic has failed to provide any such statement.

Moreover, Epic who bears the burden of demonstrating the need to transfer, has failed to support its motion with any relevant facts, other than conjecture of counsel. See *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 121-22 (S.D.N.Y. 2010)("The burden of demonstrating the desirability of transfer lies with the moving party," who must "make a clear and convincing showing that the balance of convenience favors [the movant's] choice." (citing *Solar v. Annetts*, 707 F. Supp. 2d 437, 441 (S.D.N.Y. 2010) (citing *Orb Factory, Ltd. v. Design Sci. Toys, Ltd.*, 6 F. Supp. 2d 203, 208 (S.D.N.Y. 1998)).

Epic's argument on this point fails to meet this burden because Epic, intentionally, conflates it's litigation against Decapolis with the claims for declaratory relief by Joao. It is axiomatic that an LLC is a separate entity from its members. The fact that Epic litigated a

patent infringement suit against Decapolis in no way invokes the same facts, parties, or issues as Joao's claim for declaratory relief that he operated Decapolis legally, properly, and in observance of the corporate form. Accordingly, Epic's argument and analysis is irrelevant to Joao's declaratory judgment action and its motion to transfer should be denied.

## II
## EPIC'S MOTION TO TRANSFER MUST BE DENIED BECAUSE EPIC HAS NOT SHOWN THAT AN ACTION AGAINST JOAO COULD HAVE BEEN BROUGHT IN THE SOUTHERN DISTRICT OF FLORIDA

Epic correctly recognizes that, an initial requirement on a motion to transfer analysis under § 1404(a) is for Epic, as the movant, to establish that the action "might have been brought" in the Southern District of Florida. An action "might have been brought" in the transferee forum if subject matter jurisdiction, personal jurisdiction, and venue would have been proper in the transferee court at the time of filing. *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008).

Epic has completely failed to address this threshold requirement as it pertains to Raymond Joao. Joao never traveled to Florida for any business on behalf of Decapolis, and Joao never personally initiated any litigation in Florida. (Joao Dec. ¶ 19). None of the licensing or settlement payments that formed the sole basis of Decapolis' income (and from which Joao received compensation and distributions and paid taxes) were negotiated in Florida- all such negotiations took place between Decapolis' Texas counsel and Joao in his capacity as managing member (in New York) and all funds derived from payments were deposited into Decapolis' New York bank accounts, from which accounts New York State and Federal income taxes were paid. (Joao Dec. ¶ 20). There is no factual basis from which the

Court could conclude that the Southern District of Florida would have personal jurisdiction over Raymond Joao individually.

The court in *Carter v. Estate of Rambo*, 925 So. 2d 353, 356 (Fla. Dist. Ct. App. 2006) addressed the issue of whether an owner or manager of an LLC is subject to personal jurisdiction in Florida merely by virtue of ownership/management of the corporate entity. In holding that he is not, the Carter court relied upon the corporate shield doctrine, which draws a distinction between a corporate officer acting on his own and a corporate officer acting on behalf of his corporation. "Under the corporate shield doctrine, any activity in one's capacity as a corporate officer or director is exempted from consideration in support of the exercise of long-arm jurisdiction over said officer or director." *Id*., citing *Radcliffe v. Gyves*, 902 So. 2d 968 (Fla. 4th DCA 2005).

In *Carter*, as here, the party asserting jurisdiction presented no evidence indicating that Carter personally operated a nursing home in Florida or that he personally committed any tortious acts against in Florida. The evidence indicated that Carter's only contact with Florida was that he signed business reports as a managing member of an LLC in his representative capacity. Furthermore, the claimant also failed to demonstrate that Carter had sufficient "minimum contacts" with Florida to establish personal jurisdiction over him. Id. (citing *Doe v. Thompson*, 620 So. 2d 1004 (Fla. 1993)(which held that under Florida's long-arm statute, personal jurisdiction did not exist over nonresident defendant (like Joao) who was president of corporation which did business in Florida; did not personally operate business, or commit

tortious act or cause injury in Florida, and his purportedly negligent actions were not alleged to have been taken outside his duties as corporation's president and chief executive officer).

Having failed to satisfy the first prong for a motion to transfer under § 1404(a), as well as ignoring the procedural mandates identified in Point I *supra*, Epic's motion must be denied.

### III

### EPIC'S MOTION TO TRANSFER MUST BE DENIED BECAUSE EPIC HAS NOT SHOWN THAT THE CONVENIENCE FACTORS WARRANT A TRANSFER

In assessing a motion to transfer, the Court must also determine whether, considering the "convenience of parties and witnesses" and the "interest of justice," a transfer is appropriate. *Janbay v. Canadian Solar, Inc*., 272 F.R.D. at 121-22. To make this determination, courts in the Southern District of New York consider the following factors: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded to a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice. Id. (citations omitted). Once again, "[t]he burden of demonstrating the desirability of transfer lies with the moving party," who must "make a clear and convincing showing that the balance of convenience favors [the movant's] choice." *Id*.

1. <u>The convenience of witnesses</u>. This factor weighs in favor of New York, as Joao is aa New York resident, any bank representative to testify to transactions are in New York, and any non-resident witnesses would be in Wisconsin or Texas. (Ward Dec. ¶ 8).

Significantly, none of the witnesses are located in Florida.

2. <u>The location of relevant documents and relative ease of access to sources of proof</u>. This factor also weighs in favor of New York. As noted above, the vast majority of documents would be in the possession of Joao in New York, New York banks, or in Texas or Wisconsin. There would be no discoverable evidence in Florida. Epic's claim that "the parties are already litigating in Florida" is, once again, misplaced as the parties to this suit are Joao and Epic. Joao has produced all documents relevant to the Epic claim against Decapolis and there is little discovery remaining as to that claim. Epic's unsupported contention of counsel of Epic's "intent" to assert claims is entitled to no consideration on this motion, which concerns an action where the claims are squarely at issue.

3. <u>The convenience of the parties</u>. Contrary to Epic's argument, this factor weighs heavily in favor of New York. Epic concedes that, for its part, Joao is the only known witness – a New York resident. There is no litigation already pending in Florida with Epic and Joao and more importantly, there are no Florida witnesses or documents.

4. <u>The locus of the operative facts</u>. As noted above, all aspects of Joao's management of Decapolis' operations took place in New York. This included the interaction with Decapolis' litigation counsel and the negotiations of the licensing agreements entered into on behalf of Decapolis. (Joao Dec. ¶ 11). In a review of the discovery propounded upon Joao by Epic's counsel, including the document subpoena, all of these documents, to the extent discoverable, would be generated by Joao, in the State

of New York, and pertaining to Joao's New York activities. These include, documents pertaining to Decapolis' assets, formation and patent licensing activities (Loken Dec. Exh. 4, Requests Nos. 1-4, 10, 13, 14, 16-18 (which include requests for production from entities that have no relationship to Decapolis Systems, such as Decapolis Solutions, LLC and Decapolis Digital, LLC)); documents pertaining to Joao's personal finances and investments (including Federal and New York State income tax returns (Loken Dec. Exh. 4, Request No. 5, 9, 19, 20, 21, 22)); documents pertaining to transactions between GTJ Ventures, LLC (a Delaware LLC) and Decapolis (Loken Dec. Exh. 4, Requests Nos. 6-7); and documents pertaining to Joao's relationships with counsel engaged on behalf of Decapolis (Loken Dec. Exh. 4, Requests Nos. 11, 12). (Joao Dec. ¶ 13). Thus, this factor weighs heavily in favor on New York as the appropriate forum.

5. <u>The availability of process to compel attendance of unwilling witnesses and the forum's familiarity with governing law</u>, respectively, are neutral. It is anticipated that there will not be difficulties in compelling attendance of any of the witnesses in this matter that cannot be overcome by motion, and this Court can apply the applicable law just as readily as a Florida court.

6. <u>Relative means of the parties.</u> Epic has not put any competent evidence forward on this point, but concedes it is a large national corporation and as such, has the ability to litigate anywhere and with resources that Joao, an individual, has no way of matching. Epic has already served deposition subpoenas for Joao to testify in both New York and

Florida as to the same issues. It is clear the Epic intends to use its superior resources to force Joao into capitulation. Epic's motion to transfer is just another attempt to put a strain on Joao's resources and should weigh in favor of a denial of Epic's motion.

7. <u>Trial efficiency and the interests of justice</u>. Once again, this factor is distorted by Epic. First, as to Epic's analytics and unfounded assessment of the efficiency of *this Court* to adjudicate this matter, Epic's arguments are nothing but rank speculation. Second, there are no claims asserted against Joao in the Florida action and Epic has to overcome a substantial jurisdictional hurdle to even assert such claims. The only action in which this dispute is teed up is the one before this Court. Epic's litigation tactics, its *ad hominem* attacks of Joao and reference to a myriad of disputes with characterizations and without evidence, all counsel that the interests of justice are best served by having Joao's request for declaratory relief heard by this Court.

8. <u>The weight accorded to a plaintiff's choice of forum</u>. This factor is substantial and, along with all other factors described above warrants, the denial of this motion. "Plaintiffs' choice of forum 'is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 405 (S.D.N.Y. 2005)(quoting *Royal & Sunalliance*, 167 F. Supp. 2d 573, 576 (SDNY 2001). "To overcome the presumption in favor of plaintiffs, defendant must "make a clear showing that the proposed transferee district is a more convenient one, and that the interests of justice would be better served by a trial there." *Id*.

13

Epic has failed to make "a clear showing that the proposed transferee district is a more convenient one" or "that the interests of justice would be better served by a trial" in Florida, and has failed to carry its burden on any of the above cited factors. Accordingly, Epic's motion should be denied.

IV

**EPIC'S RELIANCE ON THE FIRST FILED RULE IS MISPLACED AS THE FACTS DEMONSTRATE THAT THE INSTANT ACTION IS THE FIRST FILED ACTION PERTAINING TO JOAO'S LIABILITY, VEL NON, FOR THE DECAPOLIS JUDGMENT**

After Joao filed this action on December 7, 2024, counsel for Epic, Matthew Duchemin, Esq., called counsel for Joao at 11:10:34 EST on December 23, 2024 to ask about service of the Complaint and Epic's time to answer. (February 19, 2025 Declaration of David Ward, ¶ 3). Joao's counsel responded by email to Mr. Duchemin's inquiry that same day, advising "that service has not been made and there's no reason to ruin your holidays. We can discuss service and scheduling whenever convenient. Let me know times that work best for you." (Ward Dec., ¶ 3; and Exhibit 1, December 23, 2024 email exchange between Mr. Duchemin and counsel reflecting this discussion).

Mr. Duchemin responded later on December 23, 2024, stating "thanks for your note and the update. I am back in the office on Thursday and will reach out about times." (Ward Dec., ¶ 4; Exh. 1). Thereafter, neither Mr. Duchemin nor any other counsel for Epic contacted Joao's counsel about Epic's answer to the Complaint. (Ward Dec., ¶ 5).

Epic claims that Joao, by asking a New York Court to determine his rights and obligations as a New York resident concerning operations that all originated from New York,

14

and transactions that occurred in New York (including distributions from a Texas law firm to a New York bank account), is engaged in forum shopping.  The evidence belies Epic's claims.  Only after Joao initiated this action to determine his rights and liabilities did Epic file a Motion for Writ of Execution against Decapolis in Florida, seeking discovery of, among other things, information concerning Joao's personal assets and information unrelated to the Decapolis litigation.  (Ward Dec., ¶ 5; Exhibit 4 to the Declaration of Bryce A. Loken in support of Epic's motion to transfer (Dkt. Entry 16-4)).  At the time of filing of the Complaint on December 7, 2024, there was no claim asserted by Epic against Joao personally nor any discovery proceeding against Joao, thus, the New York State action that Joao initiated was the first filed action between the parties and concerning the issues of whether Joao is personally liable for any judgment Epic obtained against Decapolis.  (Ward Dec., ¶ 7; (Joao Dec. ¶ 17).

Epic forum shopped when it sought dismissal of the Decapolis action against Epic in Texas and then turned around to file aa declaratory judgment action against Decapolis in Florida.  Epic further engaged in forum shopping by commencing a supplementary proceeding in Florida against Decapolis after Joao had commenced this declaratory judgment action and seeking discovery of Joao's personal assets that have nothing to do with the Decapolis judgment or distributions to Joao.

Even if this matter were not the first filed matter, transfer to the Southern District of Florida would be inappropriate because of the lack of personal jurisdiction over Joao and because transfer is also inappropriate when "the balance of convenience favors" the retaining jurisdiction in the forum at issue.  *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599

15

F.3d 102, 112 (2d Cir. 2010).  The "balance of convenience" is determined by considering the same factors "considered in connection with motions to transfer venue."  As Joao has demonstrated in Point III above, these factors weigh in favor of the denial of Epic's motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Epic's motion to transfer as Epic has failed to comply with the minimal requirements of showing it is entitled to such relief on both procedural and substantive grounds.

Dated: February 19, 2025

**KLUGER HEALEY, LLC**

By: */s/ David A. Ward*
    David A. Ward, Esq.
    521 Newman Springs Road, Suite 23
    Lincroft, New Jersey 07738
    Tinton Falls, NJ 07724
    (732) 852-7500 [Tel]
    (888) 635-1653 [Fax]
    Email: dward@klugerhealy.com