

Quarles & Brady LLP
Attorneys at Law
33 East Main Street
Suite 900
Madison, Wisconsin  53703
608-251-5000
Fax 608-251-9166
quarles.com

Writer's Direct Dial: 608-283-2608
E-Mail: Bryce.Loken@quarles.com

March 4, 2025

**VIA CM/ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY  10007

> **RE:**    ***Raymond A. Joao v. Epic Systems Corporation*, Case No. 1:25-cv-00857-JMF**
> **Letter Motion for Leave to File Document in Redacted Form**

Dear Judge Furman:

In accordance with Rule 7.C. of the Court's Individual Rules and Practices in Civil Cases, Standing Order 19-MC-583, and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, Defendant Epic Systems Corporation respectfully seeks leave to file in redacted form (1) Epic's Reply in Support of Motion to Transfer; and (2) Exhibit A to the Declaration of Bryce A. Loken in Support of Epic's Reply.

The information Epic seeks to redact from its Reply Brief and Exhibit A contain testimony from the February 25, 2025 deposition of Raymond A. Joao, taken in connection with *Epic Sys. Corp. v. Decapolis Systems, LLC*, Case No. 9:22-cv-80173 (S.D. Fla.).  Pursuant to Rule 7.C.i. of the Court's Individual Rules, Epic conferred with Plaintiff Joao concerning Epic's intention to cite to and file portions of the transcript.  Plaintiff Joao has designated 277:18–278:9 and 280:19–281:17 as RESTRICTED-ATTORNEYS' EYES ONLY and 279:22–280:12 as CONFIDENTIAL pursuant to the Stipulated Protective Order entered in the Florida action, a copy of which is enclosed.

On February 28, 2025, pursuant to Rule 7.C.i., the undersigned counsel informed Plaintiff Joao's counsel of the Court's requirement that Plaintiff file, within three business days, a letter explaining the need to seal or redact the aforementioned testimony.

The Honorable Jesse M. Furman
March 4, 2025
Page 2


      We thank the Court for its attention to this matter and are happy to address any questions the Court may have.

Respectfully submitted,

Bryce A. Loken (*Pro hac vice*)
Kristin Graham Noel (*Pro hac vice*)
Matthew J. Duchemin (*Pro hac vice*)
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
Tel.: (608) 251-5000
kristin.noel@quarles.com
matthew.duchemin@quarles.com
bryce.loken@quarles.com

Mitchell D. Cohen
VEDDERPRICE
1633 Broadway, 31st Floor
New York, NY 10019
Tel.: (212) 407-6980
mcohen@vedderprice.com

*Attorneys for Defendant*

[Enclosure]

QB\166755.00817\95053958.1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.:  22-80173-CV-MIDDLEBROOKS

EPIC SYSTEMS CORPORATION,

     Plaintiff,

v.

DECAPOLIS SYSTEMS, LLC,

     Defendant.

_____/

## PROTECTIVE ORDER

THIS CAUSE comes before the Court upon the Parties' Motion for Entry of Protective Order ("Motion"), filed April 21, 2022 (DE 29). While I find good cause to enter the Order, I caution that the mere designation as "Confidential" or "Attorneys' Eyes Only" (or any other similar designation, for that matter) by a party will not influence my decision to seal a court filing on a subsequent motion. If either party later seeks approval to submit a document under seal, such party should support a motion to file under seal with the specific reasons that justify it.

Pursuant to the Local Rules of the Southern District of Florida, "[u]nless otherwise provided by law, Court rule or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L. R. 5.4(a). It is clearly established that the general public possesses a common-law right to access judicial records and that judicial records are presumed to be public documents. *See Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 (1978); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc*., 263 F.3d 1304, 1311 (11th Cir. 2001).

Judicial records are presumed to be public documents because "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). With respect to discovery material, "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Tribune*, 263 F.3d at 1312.

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). When determining whether good cause to seal exists, a district court must first look to "the nature and the character of the information in question." *Id.* (quoting *Chicago Tribune*, 263 F.3d at 1315). When balancing the public's common-law right to access judicial records "against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). The Eleventh Circuit ruled that a "party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* (*citing Nixon*, 435 U.S. at 598).

In attempting to file something under seal with the Court, the parties shall bear in mind these standards and comply with Local Rule 5.4. Specifically, the Parties must provide the Court

2

with more than just the existence of an agreement between them. The Protective Order binds the parties, not the Court, and good cause must still be shown before a filing is sealed.

Further, the Court advises the parties that it will consider sanctioning a party if the Protective Order is abused or a designation is found to be frivolous.

Accordingly, it is **ORDERED** that the Parties' Motion for Entry of Protective Order (DE 29) is **GRANTED**. The Parties' Protective Order (DE 29-1) is adopted and incorporated in its entirety.

**SIGNED** in Chambers in West Palm Beach, Florida, this 22nd day of April, 2022.

Donald M. Middlebrooks
United States District Judge

Copies to: Counsel of Record

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Epic Systems Corporation,

        Plaintiff,

    v.

                                Case No. 9:22-cv-80173

Decapolis Systems, LLC,

        Defendant.

## PROTECTIVE ORDER

WHEREAS, Plaintiff Epic Systems Corporation and Defendant Decapolis Systems, LLC, hereafter referred to as "the Parties," or individually as a "Party," believe that certain information that is or will be encompassed by discovery demands by the Parties in the above-captioned action (this "Action") involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED

– ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE

CODE." The appropriate term ("CONFIDENTIAL," "RESTRICTED – ATTORNEYS'

EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE") shall be placed

clearly on each page of the Protected Material (except deposition and hearing transcripts)

for which such protection is sought. For deposition and hearing transcripts, the

appropriate phrase shall be placed on the cover page of the transcript (if not already

present on the cover page of the transcript when received from the court reporter) by each

attorney receiving a copy of the transcript after that attorney receives notice of the

designation of some or all of that transcript. In the case of native electronic files

produced by a Party, the appropriate designation shall be included on a slipsheet along

with the corresponding Bates number and file name of the native file.

2. Any document produced by either Party before issuance of this Order, with the

designation "Confidential" or the like shall receive the same treatment as if designated

"CONFIDENTIAL" under this Order and any such documents produced with the

designation "Confidential – Outside Attorneys' Eyes Only" or the like shall receive the

same treatment as if designated "RESTRICTED - OUTSIDE ATTORNEYS' EYES

ONLY" under this Order, unless and until such document is re-designated to have a

different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL,"

"RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL

SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon. The recipient must treat the materials pursuant to the designation as dictated by the producing Party once the producing Party notifies the recipient of the proper designation and not wait until receipt of the replacement production. If the receiving Party has

already disclosed mislabeled material, the receiving Party agrees to notify the recipient to which the material was disclosed along with an instruction that the recipient destroy all copies of such mislabeled material, including, to the extent the recipient is not qualified to view the material under the revised designation, any notes or other documents reflecting the content of such material.

5.      "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party or upon order of the Court:

     a.      outside counsel of record in this Action for the Parties;

     b.      employees of outside counsel of record in this Action for the Parties that are assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

     c.      in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action;

     d.      up to and including four (4) designated employee representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that any Party may in good faith request the other Party's consent to designate one or more additional representative employees, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional employee representative(s) if the requesting Party believes that the other party has unreasonably withheld such consent;

e.      outside consultants or experts (i.e., not existing employees of a Party or affiliates

of a Party) retained for the purpose of this Action, provided that: (1) such

consultants or experts are not presently employed by the Parties or of an affiliate

of a Party hereto for purposes other than this Action; (2) before access is given,

the consultant or expert has completed the Undertaking attached as Exhibit A

hereto and the same is served upon the producing Party with a current curriculum

vitae of the consultant or expert, including a list of other cases in which the

individual has provided a report or testified (at trial or deposition) and a list of

individuals or entities that the individual has been employed by or provided

consulting services pertaining to the field of the invention of the patent(s)-in-suit

or the products accused of infringement within the last five (5) years and a brief

description of the subject matter of the consultancy or employment, at least ten

(10) days before access to the Protected Material is to be given to that consultant

or expert to object to and notify the receiving Party in writing that it objects to

disclosure of Protected Material to the consultant or expert.  The Parties agree to

promptly confer and use good faith to resolve any such objection.  If the Parties

are unable to resolve any objection, the objecting Party may file a motion with the

Court within fifteen (15) days of the notice, or within such other time as the

Parties may agree, seeking a protective order with respect to the proposed

disclosure.  The objecting Party shall have the burden of proving the need for a

protective order.  No disclosure shall occur until all such objections are resolved

by agreement or Court order;

5

f.    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

g.    the Court and its personnel;

h.    any designated arbitrator or mediator who is assigned to hear this matter and who has read this Order in advance of disclosure and has executed Exhibit A, and such executed exhibit is provided to the producing Party; and

i.    such other persons as hereafter may be designated by written agreement of the parties or by Order of the Court.

6.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.    Documents, information or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates,

6

extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.  To the extent a producing Party believes that certain Protected Material qualifying to be designated "CONFIDENTIAL" is so sensitive that its dissemination deserves even further limitation, including but not limited to confidential research, development, or other technical information, or if the materials are commercially sensitive to the Party, the producing Party may designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer frameworks, architecture, databases, source code, object code (i.e., a text listing of computer instructions, commands and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator) to be compiled or assembled into an executable computer program, and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

9.  For Protected Material designated RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b) and (e–i); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority on behalf of the client and reasonably require access to such information.

10. For Protected Material designated "RESTRICTED CONFIDENTIAL SOURCE CODE," the following additional restrictions apply:

a.  Access to a Party's Source Code Material shall be provided only on two "stand-alone" computers (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet), and shall have all USB ports and other ports capable of transferring files stored on the computer disabled while the computer is being used by the receiving Party. The stand-alone computer may be connected to a printer solely for the limited purposes permitted pursuant to paragraphs 10(g and h) below.   Additionally, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel; or as otherwise mutually agreed.

b.  The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-along computers to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m.  However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computers outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. The receiving Party shall provide not less than ten (10) business days' notice in advance of the first requested inspection and three (3) business days' notice prior to any additional inspections.

c.  The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computers in order to access

8

the produced Source Code Material on the stand-alone computers. The producing

Party shall install software tools on the stand-alone computer that are sufficient

for viewing and searching the produced Source Code Material. The receiving

Party may request to use additional commercially available software tools of its

choice to view and search the source code provided, however, those software

tools must be provided by the receiving Party and the receiving Party must have

acquired the appropriate licenses for their use. Such software tools and any

installation materials must be provided by the receiving Party, at the receiving

Party's cost, at least ten (10) business days in advance of the date upon which the

Receiving Party wishes to have the software tools available for use. The

producing Party shall install the software tools on the stand-alone computer by the

requested date and time of inspection.

d. The producing Party will produce Source Code Material in computer searchable

format as kept in the normal course of business on the stand-alone computers as

described above, but need not produce executable code absent further agreement

of the parties or order of the Court.

e. Access to Protected Material designated "RESTRICTED CONFIDENTIAL

SOURCE CODE" shall be limited to outside counsel and up to two (2) outside

consultants or experts[2] (i.e., not existing employees or affiliates of a Party or

competitor identified by the producing Party with reasonable specificity) retained

for the purpose of this Action and approved to access such Protected Materials

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

pursuant to paragraph 5(e) above. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that the ("Source Code Documents") (documents created by the receiving party that include excerpts of Source Code Material) are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

f. To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE" or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE."

g. The receiving Party shall be permitted to make a reasonable number of copies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE." A reasonable amount of Source Code Material shall be deemed to be no more than 25 pages of a continuous block of Source Code Material and no more 300 pages total of Source Code Material (single spaced 12 point font text). The receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, which shall presumptively be a total of ten (10) copies, all of which shall be designated and clearly labeled "CONFIDENTIAL - SOURCE CODE," and the receiving Party shall maintain a log of all such files that are

printed or photocopied. The receiving Party shall be permitted to move the Court for the ability to print additional Source Code Material, or to make additional copies, but only for good cause shown.

h. Printouts or photocopies of Source Code Material shall not be transferred from paper copies to electronic media, and shall remain in paper form subject to the provisions of paragraph 10(i and j), below.

i. If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or copies in a secured locked area at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition).

j. A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(e) above to another person authorized under paragraph 10(e) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

QB\72993470.3

k.   A receiving Party that intends to use Source Code Material or Source Code
Documents at a deposition may make only as many copies, and only of the
specific pages, as the receiving Party intends to actually use at the deposition.
Counsel for the party taking the deposition shall refer to each page used at the
deposition by Bates number, collect and retain the original of any such exhibits,
which shall not be appended to the transcript of the deposition.

11. Any attorney representing a Party, whether in-house or outside counsel, and any person
associated with a Party and permitted to receive the other Party's Protected Material that
is designated RESTRICTED - OUTSIDE ATTORNEYS' EYES ONLY, and/or
RESTRICTED CONFIDENTIAL - SOURCE CODE (collectively "HIGHLY
SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in
whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order
shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any
patent application pertaining to the field of the invention of the patents-in-suit during the
pendency of this Action and for two (2) years after its conclusion, including any appeals.
To ensure compliance with the purpose of this provision, each Party shall create an
"Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL
and any individuals who prepare, prosecute, supervise or assist in the preparation or
prosecution of any patent application pertaining to the field of invention of the patent-in-
suit. Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE
MATERIAL from participating in a PTO proceeding, including but not limited to an IPR
or PGR, except for that person shall not participate—directly or indirectly—in the
amendment of any claim(s).

12

12. Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided

that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party (subject to paragraphs 5 and 9 of this Order), (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current employee, or current or former officer or director of the producing Party, or a current employee, or current or former officer or director of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraphs 5, 9, and 10(e) of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation and qualified to view such DESIGNATED MATERIAL under the terms of this Order; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior written authorization is obtained from counsel representing the producing Party or from the Court. During such time as DESIGNATED MATERIAL is used at a deposition, any person in attendance at the deposition not qualified to view such material under the terms of this Order may be excluded by the producing Party. Any video, DVD, audio, or other recorded versions of depositions shall have the same designation as the corresponding transcript and shall be marked as such.

15. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a final deposition or hearing transcript, designate the deposition or hearing transcript or any

14

portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as designated at the deposition or as RESTRICTED – ATTORNEYS' EYES ONLY, whichever is the more restrictive designation.

16.  Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL" above the caption.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

17.  The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIALS at the trial of this Action, subject to any pretrial order issued by this Court. The producing Party may request that the Court close the courtroom for any use of Source Code Material and maintain such trial exhibits and corresponding trial testimony under seal.

18.  A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the

QB\72993470.3

requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

19. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

20. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

21. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a

16

designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

22. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed, except that each counsel of record may maintain archived copies of all pleadings, correspondence, expert reports, deposition transcripts, deposition exhibits, trial transcripts, and trial exhibits, together with any attorney work product, provided that any such archive copy remains appropriately marked and stored in accordance with the provisions of this Order. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

23. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

24. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing

party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

25. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

26. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

27. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

28. Nothing in this Order shall bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as DESIGNATED MATERIAL, provided that the contents of the information shall not be disclosed.

29. Nothing herein is intended to prohibit or restrict in any way a Party's (or its attorneys') use or distribution of its own information.

30.    If any Party is subpoenaed in another action, served with a demand in another action to

which it is a Party, or is served by any legal process by one not a Party to this Action,

seeking information that was designated as "CONFIDENTIAL," "RESTRICTED –

ATTORNEYS' EYES ONLY"; or "RESTRICTED CONFIDNETIAL SOURCE CODE"

by someone other than that Party, the Party shall give written notice within ten (10) days

of receipt of such subpoena, demand, or legal process to the producing Party, and shall

object to its production to the extent permitted by law, setting forth the existence and

terms of this Protective Order.  Nothing herein shall be construed as requiring the Party

or anyone else covered by this Protective Order to challenge or appeal any order

requiring production of information subject to this Protective Order, or subject itself to

any penalties for noncompliance with any legal process or order, or to seek any relief

from this Court.


Signed this _____ day of _____, 2022.


_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

QB\72993470.3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Epic Systems Corporation,

        Plaintiff,

    v.

                                    Case No. 9:22-cv-80173

Decapolis Systems, LLC,

        Defendant.

**APPENDIX A**
**UNDERTAKING TO ABIDE BY PROTECTIVE ORDER**

    I, _____, declare that:

1.    My address is _____.

My current employer is _____.

My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED-- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and

all documents and things that I have prepared relating thereto, to the outside counsel for

the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature  _____

Date  _____