UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND A. JOAO,<br><br>   Plaintiff,<br><br> v.<br><br>EPIC SYSTEMS CORPORATION,<br><br>   Defendant. | Case No. 1:25-cv-00857 |

### EPIC'S REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE

Kristin Graham Noel (*Pro hac vice*)
Matthew J. Duchemin (*Pro hac vice*)
Bryce A. Loken (*Pro hac vice*)
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
Tel.: (608) 251-5000
kristin.noel@quarles.com
matthew.duchemin@quarles.com
bryce.loken@quarles.com

Mitchell D. Cohen
VEDDERPRICE
1633 Broadway, 31st Floor
New York, NY 10019
Tel.: (212) 407-6980
mcohen@vedderprice.com

*Attorneys for Defendant Epic Systems Corporation*

Joao's opposition deflects and misleads the Court in an attempt to drive up the cost of litigation and delay the consequences of filing a patent litigation the Southern District of Florida has deemed meritless. ***First***, Joao claims that the first to file rule favors him instead of Epic because when he commenced this action on December 7, 2024, "there was no claim asserted by Epic against Joao personally nor any discovery proceeding against Joao." (Dkt. 21, at 5, 15). Yet, Joao's action is expressly predicated on the fact that Epic obtained a judgment against his company, Decapolis, for filing frivolous litigation against Epic, and Epic is seeking to pierce Decapolis' corporate veil to collect that judgment from Joao, its sole member. Further, as Joao knew or should have known, Epic was statutorily barred from pursuing supplementary proceedings for 30 days after the judgment. Instead of allowing the judgment proceedings to commence in the ordinary course, Joao raced to a foreign court to file a duplicative action ***before those 30 days expired***.

Joao is also wrong on the law. The "first to file" rule does not require identical parties. Rather, it covers situations such as this where the first action (here, the Florida action) involves substantially similar parties to the second action. It is well settled that the sole member of an LLC is substantially the same party as the LLC for this analysis. Epic has initiated supplementary proceedings in Florida, has taken discovery of Joao and Decapolis, and is moving forward with proceedings to collect against Joao. The issues and parties are substantially the same, and there is no need for this Court to waste its valuable time duplicating those efforts.

***Second***, Joao misstates the law under Section 1404(a) by arguing Epic was required to show the Florida court could exercise personal jurisdiction over ***Plaintiff*** Raymond Joao. To the contrary, it is well established that transfer under Section 1404(a) looks only to whether personal jurisdiction would have been proper **over Epic *as the defendant.*** *Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004). Joao could have filed this action in Florida,

1

alongside the pending action there, because diversity jurisdiction exists and that court already has specific personal jurisdiction over Epic by virtue of Epic's status as the plaintiff in Florida. Joao does not dispute these facts.

***Third***, Joao misapplies the convenience factors under Section 1404(a). The factors support the transfer of this action to the Southern District of Florida where the court is already intimately familiar with the parties, issues and case, and where applicable discovery is already underway. Indeed, supplemental proceedings have begun; Epic has deposed Joao in the Florida proceeding and is preparing its claims to pierce the veil in Florida. Should this Court deny Epic's motion, the parties will be duplicating efforts, litigating the same issues in two districts at the same time.

## I.    Joao's Argument That the Florida Action Was Not Filed First Misstates the Law.

Joao incorrectly argues the pending action in the Southern District of Florida is not the first filed action because Joao is not a named party. (Dkt. 21, at 7-8, 14-15). The relevant analysis is whether the first and second actions "have either identical or substantially similar parties and claims." (Dkt. 15, at 9). "[T]he Second Circuit plainly does not require the first-filed action and the subsequent action to consist of identical parties," *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012), and it is well settled that the sole member of an LLC is substantially the same party as the LLC for this analysis. *See Sunset Equities Ltd. v. Donald J. Urgo & Assocs., LLC*, No. 22-cv-8857, 2024 WL 1195414, at *5 (S.D.N.Y. Mar. 20, 2024) (substantial similarities of parties between N.Y. and Bahamas actions where individual defendants in N.Y. were members of the LLC defendant in Bahamas); *Rodgers v. Color St. LLC*, No. 2:22-CV-00397-DCN, 2023 WL 4627909 at *6-7 (D. Idaho July 19, 2023) (transferring to New Jersey under first-to-file rule because, *inter alia*, individual defendants were founding and managing members of the LLC defendant in New Jersey).

Joao argues that, despite Epic filing its declaratory judgment action on February 2, 2022 in Florida, Joao was the first to file and Epic engaged in forum shopping by moving for Writ of Execution in Florida after Joao's complaint. (Dkt. 21, at 14-15). Joao's logic is misplaced. The Florida court issued its Order and Judgment awarding attorneys' fees to Epic on November 25, 2024. *Epic Sys. Corp. v. Decapolis Sys., LLC*, No. 9:22-cv-80173-DMM, Dkts. 117, 118 (S.D. Fla. Nov. 25, 2024). Joao filed his first complaint against Epic in Westchester County on December 7, 2024, but did not serve Epic until December 30, 2024 after he filed an amended complaint. (Dkt. 1-1; Dkt. 1-3). Pursuant to Fed. R. Civ. P. 62(a), Epic had to wait 30 days from the Florida court's November 25 judgment before seeking execution. *See Epic Sys.*, No. 9:22-cv-80173-DMM, Dkt. 121 (Dec. 27, 2024). Epic therefore sought to enforce the judgment as soon as allowed by law.

Even assuming Joao is correct, and he filed his claim days before Epic, "the federal declaratory judgment is not a prize to the winner of a race to the courthouses." *Skiva Int'l, Inc. v. Minx Int'l Inc.*, No. 15-CV-4580, 2015 WL 5853854, at *2 (S.D.N.Y. Oct. 7, 2015). Joao's theoretical "early arrival at the courthouse steps will not be rewarded with procedural advantage and frustration of defendant's pursuit of the claims in [Florida]." *Id.* The fact that Epic has followed proper procedure and timing for collecting on its judgment, as opposed to Joao's race to the courthouse, cannot be grounds to thwart or unnecessarily complicate Epic's collection efforts.

In reality, Joao's strategy is classic forum shopping. He sued Epic in Westchester County, NY, before Epic was even allowed to file its Writ of Execution and begin collection efforts. Joao could have sought to join the Florida action, or could have commenced a separate action in Florida. Instead, Joao raced to file in New York state court to avoid appearing before the federal judge in Florida who already ruled contrary to Joao's interests.

3

Ultimately, the first-to-file rule supports the transfer of this action to Florida so it may be heard alongside Epic's ongoing collection efforts and supplemental proceedings. Without the Florida action, Joao's instant claim seeking to avoid liability for the judgment owed in Florida would not exist. Without transfer, both courts will be asked to rule on the same issue. (*See* Dkt. 15, at 10-11). The claims in each action are identical, if not "sufficiently similar," and application of the first-to-file rule is proper. (Dkt. 15, at 9-12); *Wyler-Wittenberg*, 899 F. Supp. 2d at 244-47.

## II. Joao Misstates the Jurisdictional Analysis for Transfer of a Declaratory Judgment Action

The Parties agree that a threshold requirement for transfer under § 1404(a) is to establish the action "might have been brought" in the Southern District of Florida. (Dkt. 15, at 13; Dkt. 21, at 8). Joao argues that "Epic has completely failed to address this threshold requirement as it pertains to Raymond Joao" and proceeds to argue that the Southern District of Florida lacks personal jurisdiction over Joao. (Dkt. 21, at 8). Joao's argument is flatly contradicted by the law. The proper question is whether personal jurisdiction would have been proper ***over Epic as the defendant***.[1]

For transfer purposes, "an action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have subject matter jurisdiction over the action and ***personal jurisdiction over the defendants***, and if venue would have been proper in the transferee court." *Posven, C.A.*, 303 F. Supp. 2d at 401 (emphasis added); *Enigma Software Grp.*

---

[1] Even if Joao was correct, Joao has more than sufficient contacts with Florida to satisfy the requirement: (i) Joao created over 11 entities in Florida, three of which are engaged in active patent litigation (Loken Decl., Ex. A, Feb. 25, 2025 Transcript, at 195:7-24, 196:11-19, 197:8-18, 199:8-200:5, 201:4-24, 203:5-20, 204:6-16, 206:2-207:6, 209:18-210:18, 211:5-19, 216:25-217:22, 218:13-219:17, 223:23-224:16, 225:3-226:4, 228:5-25)); (ii) Joao made direct personal payments to Florida on Decapolis' behalf (*Id.* at 96:17-21, 147:2-14, 150:16-151:10, 178:11-13, 183:8-13); and (iii) Joao hired and pays an accountant in Florida to manage Decapolis' books and finances (*Id.*, at 94:24-95:21). (*See also* Dkt. 15, at 6-7).

4

*USA, LLC v. Malwarebytes Inc.*, 260 F. Supp. 3d 401, 409 (S.D.N.Y. 2017) (granting transfer to California because, *inter alia*, venue and personal jurisdiction were proper since defendant was headquartered there). The same requirement holds true in a declaratory judgment action. For example, in *AGCS Marine Ins. v. Associated Gas & Oil*, in considering where the declaratory judgment action might have been brought for purposes of § 1404(a), the Court assessed whether the declaratory judgment defendants would have been subject to personal jurisdiction in the Western District of Louisiana. 775 F. Supp. 2d 640, 646 (S.D.N.Y. 2011). The Court held personal jurisdiction was proper and the action could have been filed in Louisiana because one defendant was a Louisiana corporation, and the other defendant engaged in business in Loiusiana related to the dispute. *Id.* at 646-47; *see also United Rentals Inc. v. Conti Enters., Inc.*, No. 3:15-CV-298, 2015 WL 7257864, at *7 (D. Conn. Nov. 17, 2015) ("the court must first determine whether the defendants are subject to personal jurisdiction in [the transferee] forum.").

Joao seems to forget that he is the Plaintiff in this case. As such, he could have filed his declaratory judgment action in the Southern District of Florida because (i) diversity jurisdiction exists as it respects Epic and Joao, (ii) venue is proper since the dispute about the judgment owed to Epic is already pending in Florida, and (iii) the court has specific personal jurisdiction **over Epic** for purposes of Joao's "claim" because Epic, as the declaratory judgment plaintiff in Florida, filed the action that gave rise to the judgment Epic is seeking to collect. (Dkt. 15, at 13); *Finally Sunday LLC v. Friday Beers LLC*, No. 24-CV-28-LJV, 2025 WL 405796, at *5 (W.D.N.Y. Feb. 5, 2025) (Section 1404 "says nothing about personal jurisdiction over the plaintiff […] the plaintiffs clearly 'might have ... brought' this case in, and consented to the jurisdiction of, the Central District of California.").

Joao's reliance on the Florida state court decision in *Carter v. Estate of Rambo* is misplaced. In *Carter*, the court was assessing personal jurisdiction over the ***defendant***. (Dkt. 21, at 8 (citing 925 So. 2d 353, 356 (Fla. Dist. Ct. App. 2006)).

### III. Joao Incorrectly Weighs the Convenience Factors under Section 1404(a)

Joao's analysis of the convenience factors under Section 1404(a) is severely flawed. Contrary to Joao's conclusion, the factors favor transfer to Florida. *See Guardian Life Ins. Co. of Am. v. Coe*, 724 F. Supp. 3d 206, 213 (S.D.N.Y. 2024) (identifying factors to consider).

#### A. *Convenience of the witnesses and parties*

Joao's assertion that these factors weigh "heavily in favor of New York" is incorrect. ***First***, Joao's assertion that there is no related litigation pending in Florida is incorrect for the reasons already discussed.

***Second***, the Florida action will continue regardless of whether this action is transferred, and the Florida court will resolve the issues raised in Joao's declaratory judgment complaint. Thus, although Joao and Joao's unidentified witnesses are supposedly in New York, continuing this action in New York will only cause greater inconvenience to the parties and witnesses by requiring them to travel to and appear in two duplicative actions. Convenience is best achieved by Joao's claim being decided in the first-filed Florida action versus two competing actions across the country.

***Third***, Joao wrongly claims Epic's Motion fails on the whole because Epic did not submit an affidavit attesting to the non-party witnesses Epic intends to call and that the parties' attorneys-of-record are somehow necessary witnesses in this action. (Dkt. 21, at 7-8; Dkt. 23, ¶ 8). To the contrary, Epic stated that the only witnesses in the action are Joao and Decapolis, both of whom are parties and are identical for testifying purposes. (Dkt. 15, at 16). Moreover, Joao offers no

6

support for his contention that he needs to call the attorneys-of-record as witnesses. Even if Joao had offered such rationale, none of the attorneys Joao identifies are located in Florida or New York (Dkt. 23, ¶ 8), making Joao's position neutral at best.

The fact remains that Joao, as the sole member and officer of Decapolis, will be required to testify in Florida on Decapolis' behalf. The only other possible witnesses germane to Joao's management of Decapolis are located in Florida: (i) Joao and Decapolis' shared accountant, Eugene Potter, who formed Decapolis and maintains Decapolis' books and records in Florida (Loken Decl., Ex. A, at 94:24-95:21) and (ii) attorney Marc Keston who advised Joao on Decapolis. (*Id.*, at 164:18-165:25, 178:11-13, 196:11-19, 197:15-18).

These factors strongly favor transfer.

> **B.     *Location of relevant documents and ease of access to sources of proof***

Although Joao argues that this factor weighs in his favor, this factor is neutral at best. "The location of relevant documents and the ease of access to sources of proof is mostly a neutral factor, in light of the technological age in which we live, where there is widespread use of, among other things, electronic document production." *Tlapanco v. Elges*, 207 F. Supp. 3d 324, 330–31 (S.D.N.Y. 2016). Joao points to documents that "would be in the possession of Joao in New York, New York banks, or in Texas or Wisconsin," but these electronic documents can easily be located and produced anywhere, including in Florida. (Dkt. 21, at 11). Joao has offered no argument for how digitally producing electronic documents in the Florida action would be more burdensome than in this action. *Seltzer v. Omni Hotels*, No. 9-cv-9115, 2010 WL 3910597, at *4 (S.D.N.Y. Sept. 30, 2010) ("[L]ocation of relevant documents does not weigh in the analysis [because] neither party has indicated that transmitting relevant documents would be burdensome.").

Indeed, according to Joao's counsel, David Ward, Joao has already produced all responsive, non-objectionable and non-privileged, documents in his possession, custody, or

7

control pursuant to the discovery served on Joao and Decapolis in Florida. (Loken Decl., Ex. B). These documents were produced in digital form (e.g. PDF format) and served via e-mail on Epic's counsel. (*Id.*, ¶ 4). Joao has also testified that Decapolis' financial accounting and records are kept in Florida. (*Id.*, Ex. A, at 94:24-95:21). Thus, by Joao's own admission, the location of relevant documents has not had, nor will have, any impact in this case.

      C.      ***Locus of operative facts***

In an attempt to skew this factor in his favor, Joao overlooks the overwhelming number of operative facts in Florida. This action squarely revolves around Florida because the central issue is Joao's creation and management of Decapolis in Florida. Joao created Decapolis, under Florida law, for the improper and/or fraudulent purpose of asserting frivolous and meritless patent claims against third parties. And, once the settlement payments were made, Joao intentionally and methodically stripped Decapolis of all assets leaving nothing to pay creditors like Epic. Joao conveniently overlooks that he, and he alone, (i) registered Decapolis as a Florida LLC, (ii) managed and maintained Decapolis pursuant to Florida law, (iii) elected to have Florida law apply to judgments owed, and (iv) intentionally used a Florida LLC as a mere alter ego of himself to perpetuate his improper and/or fraudulent scheme. (*See* Dkt. 15, at 18). The single fact of Joao's alleged residence in Yonkers, New York cannot carry or upset the overwhelming facts tied to Florida. *See Enigma Software*, 260 F. Supp. 3d at 410-11 (the locus factor focuses on "the degree of relationship between the forum and cause of action" and favors transfer when the "center of gravity" of the case is in another forum).

Even if the Court agrees that *some* of the operative facts occurred in New York, this factor would be neutral, but certainly does not "weigh heavily" in favor of New York. *See, e.g., Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 697 (S.D.N.Y. 2009) (holding if multiple districts are equal loci of operative facts, the factor is neutral.)

### D. *Relative means of the parties*

Joao's arguments under this factor ring hollow. **First**, Joao's argument that because Epic is a large corporation, it has the resources to continue this action in New York, separate from the Florida action, is flawed. As explained above, the Florida action will continue regardless of whether this declaratory judgment action is transferred. Proceeding in this court only wastes the resources of both parties, any witnesses, and both courts by causing the parties to litigate this issue twice. While Joao asserts that Epic "has the ability to litigate anywhere," it would be improper for this Court to force the parties to exert resources on an action that is wholly duplicative of a pending action that will resolve the same issue. *Wyler-Wittenberg*, 899 F. Supp. 2d at 244.

**Second**, Joao's argument that "Epic's motion to transfer is just another attempt to put a strain on Joao's resources" is nonsensical. It is Joao who brought this duplicative and unnecessary declaratory judgment action in New York, even though the parties have been engaged in litigation for years and will continue to litigate this very issue in Florida. Epic is merely seeking to consolidate these actions to conserve the resources of the parties and the courts because this declaratory judgment should not have been brought here in the first place. Joao cannot now blame Epic for the costs of the duplicative litigation that he initiated.

Finally, Joao's argument is undermined by his own deposition testimony on February 25, 2024. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. (Loken Decl., Ex. A, at 9:21-10:20, 277:18-278:9, 279:22-281:17).

This factor favors transfer.

### E. *Trial efficiency and interests of justice*

This factor favors transfer. Joao argues, without support, that "as to Epic's analytics and unfounded assessment of the efficiency of *this Court* to adjudicate this matter, Epic's arguments

9

are nothing but rank speculation." (Dkt. 21, at 13). However, this factor properly considers legal analytics from Lex Machina for both districts. *Smart Skins LLC v. Microsoft Corp.*, No. 14-cv-10149, 2015 WL 1499843, at *11 (S.D.N.Y. Mar. 27, 2015) (transferring because, *inter alia*, Lex Machina data showed less congestion and median time in transferee court). Courts around the country, including this Court, routinely consider average decision time and total caseload under Section 1404(a). *See, e.g.*, *Id.*; *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 407 (S.D.N.Y. 2005). Epic provided equivalent statistics in its Motion. (Dkt. 15, at 20-21). This factor also considers "a court's familiarity with the case," which strongly favors the Florida court. (*Id.*); *Indian Harbor*, 419 F. Supp. 2d at 401.

### F.    Weight accorded to plaintiff's choice of forum

Joao's argument that this factor weighs in his favor is incorrect. In arguing that a "Plaintiff's choice of forum is entitled to significant consideration," Joao overlooks, or chooses to omit, the fact that this action is one for declaratory judgment, and there is already a pending proceeding in another court that will resolve the dispute. In declaratory judgment actions, a plaintiff's choice of forum is not afforded the same weight. "Even if the basic requirements for a declaratory judgment action are met, it is still within the discretion of the district court to decline to hear a declaratory judgment action ***particularly when there is a pending proceeding in another court***, state or federal, that will resolve the controversies between the parties." *Great Am. Ins. Co. v. Houston Gen. Ins. Co.*, 735 F. Supp. 581, 584 (S.D.N.Y. 1990) (emphasis added); *see also Cincinnati Ins. Co. v. O'Leary Paint Co.*, 676 F. Supp. 2d 623, 631 (W.D. Mich. 2009) ("[A] district court may choose to give little *or no* weight to a declaratory-judgment plaintiff's choice of forum.").

Joao cites only *Indian Harbor* to support his argument that his choice of forum should be given weight. (Dkt. 21, at 13). However, the Court in *Indian Harbor* transferred the action under

10

Section 1404(a) because, *inter alia*, the plaintiff's choice of forum should be given less weight because the locus of operative facts were "definitely not [in] New York." 419 F. Supp. 2d at 405-06. The operative facts are squarely in Florida.

## IV.    CONCLUSION

For the reasons set forth above, and in the Motion to Transfer, Epic respectfully requests that this action be transferred to the Southern District of Florida.

Respectfully submitted this 4th day of March, 2025.

   /s/ *Bryce A. Loken*
Kristin Graham Noel (*Pro hac vice*)
Matthew J. Duchemin (*Pro hac vice*)
Bryce A. Loken (*Pro hac vice*)
QUARLES & BRADY LLP
33 East Main Street, Suite 900
Madison, WI 53703
Tel.: (608) 251-5000
kristin.noel@quarles.com
matthew.duchemin@quarles.com
bryce.loken@quarles.com

Mitchell D. Cohen
VEDDERPRICE
1633 Broadway, 31st Floor
New York, NY 10019
Tel.: (212) 407-6980
mcohen@vedderprice.com

*Attorneys for Defendant Epic Systems Corporation*

QB\94809719.3

## CERTIFICATE OF WORD COUNT

I hereby certify that pursuant to Local Rule 7.1(c), this memorandum of law does not exceed 3,500 words.  This memorandum, exclusive of the cover page, table of contents, and table of authorities, contains 3,441 words.

>  /s/ Bryce A. Loken
>  Bryce A. Loken

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2025, I caused to be electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

>  /s/ Bryce A. Loken
>  Bryce A. Loken

QB\94809719.3