**Kluger Healey, LLC**
Attorneys at Law

**DAVID A. WARD**
dward@klugerhealey.com

523 Newman Springs Road., Suite 23
Lincroft, New Jersey 07738
P: (732) 852-7500
F: (888) 635-1653
www.klugerhealey.com

March 7, 2025

**VIA CM/ECF**
The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      RE:    *Raymond A. Joao v. Epic Systems Corporation*, Case No. 1:25-cv-00857-JMF

Dear Judge Furman:

      Pursuant to Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions, Raymond Joao respectfully requests leave to file redacted portions of a document containing excerpts from the rough deposition transcript of Raymond Joao in *Epic Systems Corporation v. Decapolis Systems, LLC*, Case No. 9:22-cv-80173 (S.D. Fla.)(the "Decapolis Action"), taken on February 25, 2025. This letter-motion is submitted for public filing, while the document itself, including the specified excerpts, is annexed as Exhibit A to the March 4, 2025 Declaration of Bryce A. Loken (ECF No. 28-1). Plaintiff requests that this document remain redacted, as well as Epic's Reply Brief citing to the Exhibit (ECF No. 27, page 10).

      The request to redact is narrowly tailored to protect sensitive information contained within specific portions of the deposition transcript. The portions sought to be sealed are: (1) lines 277:18–278:9, designated as "RESTRICTED – ATTORNEYS' EYES ONLY"; (2) lines 279:22–280:12, designated as "CONFIDENTIAL"; and (3) lines 280:19–281:17, designated as "RESTRICTED – ATTORNEYS' EYES ONLY." These designations were made in accordance with the Protective Order entered by Judge Middlebrooks in the Decapolis Action (attached to the March 4, 2025 letter motion to seal of Epic Systems Corp., ECF No. 26).

      These designations are necessary to protect sensitive business or personal information that, if disclosed, could cause harm to Mr. Joao. (See accompanying Declaration of Raymond A. Joao, dated March 7, 2025). Mr. Joao has not sought to seal the overwhelming majority of financial data pertaining to Decapolis Systems, he only seeks an order redacting information as to his net worth and the location of his account information and the amounts listed therein. Plaintiff has taken care to limit this request to only those portions of the transcript and Epic's Reply Brief that contain such information.



The Honorable Jesse M. Furman
March 5, 2025
Page 2

    The Second Circuit has recognized that sealing may be appropriate where public access would harm legitimate privacy or commercial interests. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Here, the limited scope of the sealing request ensures that only the necessary portions of the transcript are restricted, while the remainder of the record remains accessible to the public. See *Averbach v. Cairo Amman Bank*, No., 2023 U.S. Dist. LEXIS 109013, 2023 WL 4144758, at *3 (S.D.N.Y. June 23, 2023) (noting propriety of sealing account records "particularly where such information may reveal sensitive personal financial information that could be misused if publicly released or that may cause a personal safety issue or embarrassment to the customer"); see also *SEC v. Waldman*, 2019 U.S. Dist. LEXIS 60665, at *2 (S.D.N.Y. Feb. 14, 2019)(where the Court agreed that the motion papers may include "limited redactions", including Defendant's total net worth).

    In compliance with the S.D.N.Y. ECF Rules, Plaintiff's counsel has conferred with Epic's counsel regarding this request and they consent to this application.

    Accordingly, Mr. Joao requests that the Court Order that:

- The document publicly filed as Exhibit A to the Declaration of Bryce A. Loken in Support (ECF No. 28-1) remain redacted as follows:  Lines 277:18–278:9; Lines 279:22–280:12; and Lines 280:19–281:17;
- The document filed under seal as Exhibit A to the DECLARATION of Bryce A. Loken in Support (ECF No. 30-1) remain sealed;

a) The document publicly filed as Epic's Reply in Support of Motion to Transfer (ECF No. 27, page 9) remain redacted as indicated at page 9:
b) The document filed under seal as Epic's Reply in Support of Motion to Transfer (ECF No. 29) remain sealed.

                                                       Respectfully submitted,

                                                       David A. Ward

.

> The motion to seal is granted temporarily.  The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion.  The Clerk of Court is directed to terminate ECF No. 32.
>
> SO ORDERED.
>
> March 10, 2025