```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
RAYMOND A. JOAO,                                                     :
                                                                     :
                                    Plaintiff,                       :   25-CV-857 (JMF)
                                                                     :
                  -v-                                                :
                                                                     :   MEMORANDUM OPINION
EPIC SYSTEMS CORPORATION,                                            :   AND ORDER
                                                                     :
                                    Defendant.                       :
                                                                     :
---------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

    The present case arises out of a multi-year, multi-jurisdictional dispute between Decapolis Systems LLC ("Decapolis"), a Florida limited liability company, and Raymond A. Joao, its founder and sole member, on the one hand, and Epic Systems Corporation ("Epic"), on the other. The dispute began in 2022, when Decapolis sued Epic in the Western District of Texas for infringement of two patents. Epic moved to dismiss, and Decapolis voluntarily dismissed its complaint. Epic then sued Decapolis in the Southern District of Florida, seeking a declaratory judgment of patent invalidity and non-infringement. In December 2022, the Southern District of Florida ruled in Epic's favor and declared Decapolis's patents invalid, a ruling later affirmed by the Federal Circuit. In July 2024, the Southern District of Florida granted Epic's motion for attorney's fees and, on November 25, 2024, entered an order awarding Epic $634,457.23. Under Rule 62(a) of the Federal Rules of Civil Procedure, Epic was required to wait thirty days before seeking execution on that award. In the meantime, on December 7, 2024, Joao filed this action against Epic, seeking a declaratory judgment that he is not liable to Epic for the judgment it obtained against Decapolis in the Southern District of Florida. Since then, Epic has impleaded Joao as a third party in the Southern District of Florida proceedings and

is seeking there to pierce the corporate veil and collect the judgment from Joao.

Epic now moves to transfer this case to the Southern District of Florida under either the first-to-file rule or 28 U.S.C. § 1404(a).  *See* No. 15 ("Def. Mem."), at 8-9.  The first-to-file rule provides that when "there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d. Cir. 1989) (cleaned up).  Significantly, the rule does not require that the parties or claims in the competing suits be identical; instead, it applies so long as there are "either identical or substantially similar parties and claims" between the two suits.  *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012).  "This rule 'embodies considerations of judicial administration and conservation of resources' by avoiding duplicative litigation." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 274-75 (2d Cir 2008) (quoting *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80).  The rule is not "an invariable mandate," *id.* at 275, but rather "a presumption in favor of proceeding in the forum where the first complaint was filed," *Holiday Image LLC v. Victoria's Secret Stores Brand Mgmt, Inc.*, 14-CV-8660 (JMF), 2015 WL 366931 at *2 (S.D.N.Y. Jan. 28, 2015).  To that end, it does not apply "(1) where the 'balance of convenience' favors the second-filed action, and (2) where 'special circumstances' warrant giving priority to the second suit." *Emps. Ins. of Wausau*, 522 F.3d at 275 (internal citations omitted).

Upon review of the parties' motion papers, the Court concludes that the first-to-file rule calls for transfer of the case to the Southern District of Florida.  There is no dispute that the claims in the two actions are substantially similar.  Indeed, the claims Joao brings here are the mirror image of the claims that Epic is now pressing in the Southern District of Florida: whether Joao is liable for the judgment that Epic obtained against Decapolis.  In opposing transfer, Joao

contends instead that the first-to-file rule is inapplicable because he filed this case on December 7, 2024, prior to any assertion of a claim by Epic against him personally in the Southern District of Florida. *See* ECF No. 21 ("Pl. Mem."), at 15. True, but also irrelevant. As noted, the first-to-file rule requires only that the parties in the two suits be substantially similar, *see, e.g., In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116-17 (2d Cir. 1992); *Wyler-Wittenberg*, 899 F. Supp. 2d at 244, and courts have held that the sole member of a limited liability company, such as Joao, is substantially similar to his or her limited liability company for purposes of this analysis, *see, e.g., Sunset Equities Ltd. v. Donald J. Urgo & Assocs., LLC*, No. 22-CV-8857 (PGG), 2024 WL 1195414, at *5 (S.D.N.Y. Mar. 20, 2024); *Rodgers v. Color St. LLC*, No. 2:22-CV-397 (DCN), 2023 WL 4627909, at *6 (D. Idaho July 19, 2023); *see also Silver Line Bldg. Prods. LLC v. J-Channel Indus. Corp.*, 12 F. Supp 3d 320, 326 (E.D.N.Y. 2014) (finding substantial party similarity for purposes of the first filed rule where the parent corporation was involved in the first action and its subsidiary was involved in the subsequent action). Accordingly, the first-to-file rule applies and presumptively calls for transfer to the Southern District of Florida.

Nor is there any basis to depart from that presumption here. First, there are no "special circumstances" that warrant giving priority to this lawsuit over the earlier one. *Emps. Ins. of Wausau*, 522 F.3d at 275. Special circumstances have been found in "only a limited number of circumstances," as, for example, when the first-filed lawsuit was an anticipatory declaratory action. *Id.* at 276. That is obviously not the case here, however, as the Southern District of Florida action predated this one by more than two years. Indeed, if anything, it is Joao who is attempting to engage in forum shopping by concededly filing for a declaratory judgement "in response to a direct threat of litigation that gives specific warnings as to deadlines and subsequent legal action." *Id.* (citing *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 55

(S.D.N.Y. 2001)); *see* ECF No. 22 ("Joao Decl."), at 3.  Making matters worse, it is clear that he did so during the thirty-day period in which Rule 62(a) prohibited Epic from executing on its judgment in the Southern District of Florida.  If anything, therefore, the special circumstances here favor transfer.

Second, the balance of conveniences does not favor this District over the Southern District of Florida.  The factors analyzed in the balance of conveniences are "essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Emps. Ins. of Wausau*, 522 F.3d at 275.  They include: (1) the plaintiff's choice of forum, (2) the convenience of any witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties involved, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice. *City of Perry v. Procter & Gamble Co.*, No. 15-CV-8051 (JMF), 2016 WL 5416508 at *1 (S.D.N.Y. Sept. 28, 2016) (citing *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am. Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)).  The balance of convenience does not need to favor the transferring party under the first-to-file rule; instead, "an even or inconclusively tilted 'balance of convenience' would ordinarily support application of the first-filed rule." *Pagano v. Johnson Controls, Inc.*, Nos. 24-CV-1020 (MMG) et al., 2025 WL 786535, at *2 (S.D.N.Y. Mar. 12, 2025) (internal quotation marks omitted).

Here, the factors are either neutral or they favor the Southern District of Florida.  Put simply, the parties are already litigating the claims at issue in this case — to which Florida law applies, *see Cambridge Valley Machining, Inc. v. Hudson MFG LLC*, 470 F. Supp. 3d 230, 266 (N.D.N.Y. 2020) — in the Southern District of Florida, and adding a second venue to the mix

4

will only inconvenience and burden the parties and the court system. Moreover, the Southern District of Florida is intimately familiar (and certainly *more* familiar that this Court) with the parties, their claims, the applicable law, and the history of the case; discovery there, including a deposition of Joao, has already begun, and Epic is already seeking to pierce the corporate veil. At bottom, only the first factor — the plaintiff's choice of forum — would seem to cut in Joao's favor. But the weight given to that factor is diminished where, as here, there are concerns about forum shopping. *See Gokhberg v. The Pnc Financial Servs. Grp., Inc.*, No. 15-CV-6001 (LTS), 2015 WL 9302837, at *2 (S.D.N.Y. Dec. 21, 2015). And, in any event, because the litigation will continue in Florida regardless of the decision here, it follows that the first factor is countered by the ninth — trial efficiency and the interest of justice. In short, weighing the relevant factors, the Court concludes that they call for transfer to the Southern District of Florida; at a minimum, they do not call for deviating from the first-to-file rule.[1]

For the foregoing reasons, Epic's motion to transfer this case is GRANTED. The Clerk of Court is directed to terminate ECF No. 14, to transfer the case to the United States District Court for the Southern District of Florida, and to close the case on this Court's docket.

SO ORDERED.

Dated: May 28, 2025
      New York, New York

JESSE M. FURMAN
United States District Judge

---

[1] Joao argues that transfer would be inappropriate here because the Southern District of Florida would not have personal jurisdiction over him. *See* Pl.'s Mem. 8-10. The premise of that argument is dubious, *see* ECF No. 27 ("Def.'s Reply"), at 4 n.1, but, in any event, the argument also misses the point because Joao is the *plaintiff* here, not the defendant. *See, e.g., Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004) ("[A]n action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction *over the defendants* . . . ." (emphasis added)).